Filing # 196676268 E-Filed 04/22/2024 11:03:09 AM

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

WORLDWIDE AIRCRAFT SERVICES, INC.,
d/b/a JET ICU, a Florida Corporation,

Case No.:
Division:

Plaintiff,

vs.

WORLDWIDE INSURANCE SERVICES, LLC,
d/b/a GEOBLUE;
INDEPENDENCE HEALTH GROUP, INC.,
a corporation

Defendants.

_____/

**COMPLAINT FOR (1) THEFT of SERVICES, and (2) QUANTUM MERUIT**

**General Facts and Background**

WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU, a Florida corporation ("JET ICU"), hereby complain against Defendants WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE ("GEOBLUE") and INDEPENDENCE HEALTH GROUP, INC., a corporation, as follows:

1. Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. was at all times mentioned herein, and now is, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial circuit. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

2. JET ICU was at all times mentioned herein, and now is, a health care provider licensed by the State of Florida to provide air ambulance services. JET ICU provides air transport, via fixed-wing jet aircraft that are crewed by trained Advanced Life Support medical personnel, for critically ill and injured patients to medical facilities able to treat their conditions. JET ICU must purchase or lease, periodically inspect, and repair their aircraft in accordance with federal law; maintain a qualified flight crew, medical staff and technicians; and incur other associated costs to meet the demands of emergency services. Additionally, JET ICU's operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees.

3. Defendant GEOBLUE (hereafter "GEOBLUE"), was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members, or is the agent or co-venturer or affiliate of Defendant INDEPENDENCE HEALTH GROUP, INC. GEOBLUE is a business operating in multiple jurisdictions including Hillsborough County and is therefore subject to this Court's jurisdiction. GEOBLUE is registered with the Florida Secretary of State as Worldwide Insurance Services, LLC, d/b/a GeoBlue, with the Florida EIN # 54-1867679.

4. Defendant INDEPENDENCE HEALTH GROUP, INC. (hereafter "INDEPENDENCE") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name Independence Blue Cross. INDEPENDENCE is a Pennsylvania corporation with its principal place of business in Philadelphia, PA. Plaintiff is uniformed at this time of the exact contractual or legal relationship between GEOBLUE and INDEPENDENCE but alleges that the two defendants are jointly responsible for claims processing and payment of providers such as

Plaintiff and therefore jointly carryout the functions and work of a health insurer /health plan. Hereafter INDEPENDENCE and GEOBLUE shall be collectively referred to as "PLAN" or "HEALTH PLAN"

5. As of May 23, 2019, PLAN'S member/insured/beneficiary with initials K.S. (hereafter "Patient" or "K.S.") was a participant or member in the HEALTH PLAN and was eligible for benefits thereunder.[1]

6. On or about May 23, 2019, K.S. was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed the Patient was in imminent risk of life or limb.

7. As a result of Patient's condition, Patient required, at the request of Patient's then-treating physician, immediate air medical transportation to transport for appropriate, necessary, and urgent treatment.

8. In accord with industry standards and good professional practice, K.S. was transported in multiple stages. First, the patient was transported via ALS ground ambulance from the discharging facility in Bermuda, to the awaiting jet aircraft. Patient was then flown back to the U.S. Finally, upon arrival in Philadelphia Pennsylvania, the Patient was once again transported via ALS ground ambulance from the aircraft to the receiving facility for emergency treatment. The instant Complaint only concerns JET ICU's claim for the air ambulance transport. JET ICU billed charges for this claim were $212,255.00, which constituted JET ICU's usual, customary, and reasonable charges for these services.

---

[1] Pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPPA"), JET ICU has limited its disclosure of the identity of C.H., the plan participant and patient.

9. HEALTH PLAN paid both the ground ambulance portions of the claim for the transport of the Patient from the discharging facility to the awaiting aircraft, and from the aircraft to the receiving facility, and the PLAN made NO payment for the air ambulance portion of the claim.

10. Plaintiff is informed and believe and based thereon allege that the PLAN or its agent(s) knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance plan/contract.

11. At the time services were provided, JET ICU did not have a pre-negotiated contract with the HEALTH PLAN or its agent(s) and was not part of the HEALTH PLAN's provider network.

12. Plaintiff is informed and believes, and based thereon alleges that the HEALTH PLAN and its agent(s) knew or should have known that JET ICU did not have a pre-negotiated contract with the HEALTH PLAN or its agent(s) and was not part of the HEALTH PLAN's provider network, and that JET ICU would charge its usual and customary rate for services rendered to Patient.

13. JET ICU billed defendants and/or their agent(s) for services rendered, by submitting to PLAN a Health Insurance Claim Form [Form 1500 and other documents necessary to process JET ICU's request for payment from defendants and/or their agent(s)]. The amount billed represented JET ICU's own usual and customary rate.

14. Defendants and/or their agent(s) failed to pay JET ICU's charges for the transport of the Patient by air ambulance from Bermuda to Pennsylvania.

15. All conditions precedent to this action have been performed, waived, or otherwise satisfied.

## COUNT ONE
### (THEFT OF SERVICES, FL Stat., ch. 772.11 by JET ICU against All Defendants)

1. JET ICU incorporates herein by this reference as though fully set forth herein.

2. Thirty days ago or more, Plaintiff sent written pre-suit notice to Defendants HEALTH PLAN, pursuant to FL Statutes, Ch. 772.11(1). A copy of Plaintiff's pre-suit notice is attached hereto as EXHIBIT A and incorporated by this reference. Defendant did not accept Plaintiff's demand in whole or in part.

3. As alleged herein, JET ICU rendered air ambulance services to Patient for transport from Bermuda to Pennsylvania, and Patient was insured at time of services by PLAN.

4. PLAN had a duty under contract and law to provide, arrange for, and/or cover and insure Patient for emergency services including ground ambulance and air ambulance services. PLAN knew, or reasonably should have known, that JET ICU was rendering services to Patient, which PLAN was obligated to cover or insure.

5. Plaintiff submitted a claim for reimbursement to PLAN, for which PLAN denied payment to Plaintiff for the air ambulance transport from Bermuda to Pennsylvania. As of the date Plaintiff submitted its claim, PLAN had actual knowledge that the services had been rendered to its insured, Patient, to PLAN's benefit.

6. PLAN failed to pay JET ICU the reasonable value of its services rendered to Patient.

7. In failing to pay JET ICU for services rendered to Plaintiff, PLAN acted with the intent, or in reckless disregard, to convert and obtain JET ICU's services without paying for them. PLAN's intent to steal the value of Plaintiff's air ambulance services is demonstrated by, *inter alia*, the fact that PLAN otherwise reimbursed JET ICU for the ground ambulance services

from the discharging facility to the jet aircraft, and from the jet aircraft to the receiving facility, but refused to reimburse Plaintiff for the air ambulance transport.

8. Plaintiff's charges for the reasonable and customary value of its services in providing an air ambulance transport from Bermuda to Pennsylvania, were $212,255.00. PLAN received the value of these services provided to Patient. JET ICU alleges that this amount constitutes the reasonable and customary value of the services provided. PLAN has and continues to refuse to pay for the reasonable value of these services.

9. Wherefore, JET ICU prays for damages for the amount of its services rendered to PLAN, in an amount to be proved at trial.

10. Wherefore JET ICU prays for treble damages pursuant to Section 772.11.

## COUNT TWO
## (QUANTUM MERUIT)

11. JET ICU incorporates herein by this reference the preceding paragraphs as though fully set forth herein.

12. As alleged herein, JET ICU, in good faith, rendered emergency healthcare services, ground and air transport, as defined under federal and/or state law, to Patient. Patient was reasonably at risk of life or limb.

13. PLAN had an obligation under contract or state or federal law to provide emergency care including, but not limited to ground ambulance and air ambulance services, including specifically, air ambulance transport.

14. JET ICU provided services to Patient pursuant to Patient's physician or healthcare provider's direction that such services were medically necessary and emergent.

15. PLAN was aware, or reasonably should have been aware, that Patient required emergent ground and air ambulance transport. PLAN was likewise aware, or reasonably should have been aware, that JET ICU was the air ambulance provider chosen by Patient and/or Patient's then-treating physician/provider.

16. JET ICU did, in fact, render emergency air ambulance transport services to Patient. JET ICU billed PLAN the amount of $212,255.00. JET ICU's billed charges are its usual and customary charges for its services. JET ICU's billed charges are the reasonable, customary, and fair market value of the services provided.

17. PLAN is obligated to provide Patient emergency care coverage including but not limited to ground ambulance and air ambulance services. PLAN, therefore, received a significant economic benefit from JET ICU's rendition of services to Patient.

18. PLAN failed to reimburse JET ICU for the reasonable, customary, fair market value of JET ICU's services.

19. Wherefore, Plaintiff prays for judgment in its favor against PLAN in an amount to be proved at trial and equal to the reasonable and customary value of JET ICU's services rendered.

**WHEREFORE**, Plaintiff JET ICU respectfully prays for judgment against PLAN for:

1. Reasonable value of services rendered;
2. Disgorgement of the reasonable value of services rendered and all ill-gotten gain;
3. For damages, to the extent permitted by state or federal law at time of trial;
4. For treble damages on COUNT ONE only, to the extent permitted by state law at time of trial.

5. For attorney's fees and costs to the extent permitted by Section 772.11 or state or federal law at time of trial;

6. For other such relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the Defendant, WORLDWIDE INSURANCE SERVICES, LLC, d/b/a GEOBLUE's Registered Agent *Corporation Service Company*, 1201 Hays Street, Tallahassee, FL 32301, and Defendant INDEPENDENCE HEALTH GROUP, INC., 1901 Market St. Philadelphia, PA 19103, on April 22, 2024.

Michael Brannigan
The Law Offices of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
Brannigan35@yahoo.com
(352) 796-2540
(352) 796-2549 (fax)
*Attorney for Plaintiff*