UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA-TAMPA DIVISION
----------------------------------------------------------- x
WORLDWIDE AIRCRAFT SERVICES, INC., :
d/b/a JET ICU, a Florida Corporation, : Case No. 8:24-cv-01218-TPB-SPF
:
               Plaintiff, :
   -against- :
:
WORLDWIDE INSURANCE SERVICES, :
LLC, d/b/a GEOBLUE; INDEPENDENCE :
HEALTH GROUP, INC., a corporation, :
:
             Defendants. :
----------------------------------------------------------- x

## **DEFENDANT INDEPENDENCE HEALTH GROUP, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6) and supported by the accompanying Memorandum of Law with exhibits, Defendant Independence Health Group, Inc., by and through its undersigned counsel, respectfully moves to dismiss with prejudice Plaintiff Worldwide Aircraft Services. Inc. d/b/a JET ICU.'s ("Plaintiff") Complaint (i) for lack of personal jurisdiction, and (ii) the Complaint fails to state a viable claim upon which relief can be granted.

Dated: May 28, 2024

**ROBINSON & COLE LLP**

By: _/s/ Matthew P. Mazzola_
Matthew P. Mazzola (FL Bar ID No.: 1032017)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999
_Attorneys for Defendant_
_Independence Health Group, Inc._

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ...............................................................................................1

FACTUAL BACKGROUND ...............................................................................2

LEGAL STANDARD..........................................................................................4

    I.    Fed. R. Civ. P. 12(b)(2) ........................................................................4

    II.   Fed. R. Civ. P. 12(b)(6) ........................................................................5

ARGUMENT .......................................................................................................7

    I.    Plaintiff's Complaint Should Be Dismissed for Lack of Personal
        Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2) ......7

        A.   This Court Does Not Have General Jurisdiction Over
              Independence. ............................................................................8

        B.   Plaintiff's Allegations Are Insufficient for the Court to Exercise
              Specific Jurisdiction Over Independence. ...............................10

    II.   Count I of Plaintiff's Complaint Should Be Dismissed Pursuant to
        Federal Rule of Civil Procedure 12(b)(6) As Plaintiff Fails to State a
        Claim Under Florida Statutes § 772.11 ...............................................11

    III.  Count II of Plaintiff's Complaint Should Be Dismissed for Failure to
        State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6). 13

CONCLUSION....................................................................................................16

RULE 3.01(g) CERTIFICATE OF PRE-FILING CONFERENCE .......................18

CERTIFICATE OF SERVICE ............................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Almeida v. Amazon.com, Inc.*,
   456 F.3d 1316 (11th Cir. 2006) ..........................................................................11

*Alvarez v. Royal Caribbean Cruises, Ltd.*,
   905 F.Supp.2d 1334 (S.D.Fla.2012) ...................................................................15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................6, 7

*Aventus Health, LLC, v. UnitedHealthcare, Inc.*,
   No. 22-cv-2408 (PGB)(EJK), 2023 WL 11724679 (M.D. Fla. Sept.
   8, 2023) ...............................................................................................................15

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................5, 6, 12

*Beltran v. Vincent P. Miraglia, M.D., P.A.*,
   125 So. 3d 855 (Fla. 4th DCA 2013) ..................................................................14

*Carmouche v. Tamborlee Mgmt., Inc.*,
   789 F.3d 1201 (11th Cir. 2015) ..................................................................8, 9, 10

*Charlie Fowler Evangelistic Assoc., Inc. v. Cessna Aircraft Co.*,
   911 F.2d 1564 (11th Cir. 1990) ..........................................................................11

*Conley v. Gibson*,
   355 U.S. 41 (1957) .................................................................................................5

*Cronin v. Washington Nat'l Ins. Co.*,
   980 F.2d 663 (11th Cir. 1993) ...............................................................................5

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ...............................................................................................9

*Est. 8, LLC v. Carrington Mortg. Servs. LLC*,
   No. 20-cv-62111 (RS), 2021 WL 3934171 (S.D. Fla. Apr. 15,
   2021) ...................................................................................................................13

*Fla. Emergency Physicians Kang and Assocs., M.D., Inc. v. United
Healthcare of Florida, Inc.*,
526 F. Supp.3d 1282 (S.D. Fla. 2021) ...............................................16

*Haddad v. Dudek*,
784 F. Supp.2d 1308 (M.D. Fla. 2011)..............................................13

*Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*,
421 F.3d 1162 (11th Cir. 2005) ...........................................................4

*Huntsman Packaging Corp. v. Kerry Packaging Corp.*,
992 F. Supp. 1439 (M.D. Fla. 1998)...................................................15

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945)...............................................................................5

*La Grasta v. First Union Sec., Inc.*,
358 F.3d 840 (11th Cir. 2004) ...........................................................13

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*,
288 F.3d 1264 (11th Cir. 2002) .......................................................4, 5

*Murphy Med. Assocs., LLC v. 1199SEIU Nat'l Benefit Fund*,
No. 22-cv-00064 (KAD), 2023 WL 2631811 (D. Conn. Mar. 24,
2023) ...................................................................................................15

*Nicolette v. Blue Cross Blue Shield of N.C., Inc.*,
No. 20-cv-1411 (WWB)(GJK), 2021 WL 2689387 (M.D. Fla. May
28, 2021) .............................................................................................13

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
558 F. 3d 1210 (11th Cir. 2009) ........................................................10

*PBR Sales, LLC v. Pezco Int'l, LLC*,
No. 21-cv-22909 (CMM), 2022 WL 956718 (S.D. Fla. Mar. 1,
2022) ...................................................................................................13

*Polskie Linie Oceaniczne v. Seasafe Transport A/S*,
795 F.2d 968 (11th Cir. 1986) .............................................................4

*Posner v. Essex Ins. Co.*,
178 F.3d 1209 (11th Cir. 1999) ...........................................................8

*Smith v. Trans-Siberian Orchestra*,
    389 F. Supp.2d 1310 (M.D. Fla. 2010)................................................................7

*Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*,
    447 F.3d 1357 (11th 2006) ....................................................................7, 9

*United Techs. Corp. v. Mazer*,
    556 F.3d 1260 (11th Cir. 2009) ...........................................................4, 5

*Vanguard Plastic Surgery, PLLC v. UnitedHealthcare Ins. Co.*,
    658 F. Supp.3d 1250 (S.D. Fla. 2023) ..............................................16

*Vanguard Plastic Surgery, PLLC v. UnitedHeatlhcare Ins. Co.*,
    No. 21-cv-62403 (WPD), 2022 WL 19037216 (S.D. Fla. Feb. 9,
    2022) .......................................................................................15

*Vermeulen v. Renault, U.S.A., Inc.*,
    985 F.2d 1534 (11th Cir. 1993) ...........................................................8

*Viquez v. JP Morgan Chase & Co.*,
    No. 22-cv-62247 (RAR) (S.D. Fla. Feb. 15, 2023) ...........................12

*Wachovia Bank Nat'l Ass'n v. Tien*,
    658 F. App'x 471 (11th Cir. 2016)....................................................12

*Wiand v. Waxenberg*,
    611 F.Supp.2d 1299 (M.D. Fla. 2009)...............................................15

*Zarrella v. Pac. Life Ins. Co.*,
    755 F. Supp.2d 1231 (S.D. Fla. 2011) ..............................................12

**Rules**

Fed. R. Civ. P. 12 ...........................................................................*passim*

**Statutes**

Fla. Stat. § 48.193 ....................................................................5, 7, 8, 10

Florida Statutes § 95.11 ..................................................................2, 14

Florida Statutes § 772.11 ...........................................................2, 3, 11

Defendant, Independence Health Group, Inc. ("Independence") submits this memorandum in support of its motion to dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## I. CONCISE STATEMENT OF THE PRECISE RELIEF REQUESTED, AND THE BASIS FOR THE REQUEST.

Pursuant to Middle District of Florida Local Rule 3.01(a), Independence respectfully requests that the Court enter an order dismissing Plaintiff's Complaint in its entirety as to Independence and granting such other and further relief as is just and proper. As the primary basis for this request, Independence submits that Plaintiff's Complaint fails as a matter of law to allege facts sufficient to establish personal jurisdiction over Independence. Plaintiff's Complaint additionally fails to state a claim for relief as both Counts I and II are deficient as a matter of law. Plaintiff's theft of services claim pursuant to Florida Statutes § 772.11 (Count I) fails to allege any felonious intent as required under the statute. Plaintiff's quantum meruit claim (Count II) is time-barred by the four-year statute of limitations pursuant to Florida Statutes § 95.11(3)(k) and similarly fails to plead any sufficient ultimate facts in support.

## II. MEMORANDUM OF LAW

### INTRODUCTION

Plaintiff, Worldwide Aircraft Services, Inc., d/b/a Jet ICU ("Jet ICU") seeks to recover for an alleged denial of payment for air ambulance services rendered on

or about May 23, 2019 to an individual covered by a health benefit plan administered by Independence.  As an initial matter, the Complaint fails as a matter of law to allege facts sufficient to establish personal jurisdiction over Independence – a Pennsylvania corporation headquartered in Philadelphia, Pennsylvania.  Plaintiff does not allege ***any*** connection between its claims against Independence and this forum.

Furthermore, Plaintiff's causes of action are woefully deficient and fail to state a claim for relief against Independence.  First, Plaintiff's theft of services claim pursuant to Florida Statutes § 772.11 fails to allege any felonious intent as required under the statute. Second, Plaintiff's quantum meruit claim is time-barred by the four-year statute of limitations pursuant to Florida Statutes § 95.11(3)(k) and otherwise fails to sufficiently plead a cause of action as a matter of law.

The Court must dismiss this lawsuit for lack of personal jurisdiction.  In the alternative, the Court should dismiss the Complaint in its entirety because Plaintiff has not stated a plausible claim for relief as to any of the counts in the Complaint.

## **FACTUAL BACKGROUND**[1]

Plaintiff alleges that it is a Florida corporation, with its principal place of business in Hillsborough County, Florida. (*See* Plaintiff's Complaint ("Compl."), ¶

---

[1] This recitation summarizes the allegations made in the Complaint. Independence does not admit the truth of any of the allegations.

1). Independence is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. (Compl., ¶ 4; Declaration of Megan Gatto dated May 16, 2024 ("Gatto Decl."), ¶¶ 3-4). The other defendant in this suit is Worldwide Insurance Services, LLC, d/b/a GeoBlue ("Defendant-GeoBlue"), a Virginia limited liability company with a principal place of business in Pennsylvania. (*See* Notice of Removal, Dkt. No. 1, ¶ 10). The sole member of the LLC is Highway to Health, Inc., a Virginia corporation. (*Id.*).

Plaintiff alleges that it provided air ambulance transport services on or about May 23, 2019, to an Independence member identified in the Complaint by his initials, K.S. (*Id.* at ¶ 6). Plaintiff alleges that it transported K.S. by jet aircraft from Bermuda to Philadelphia, PA. (*Id.* at ¶ 8). The total billed charges for this claim are alleged to be $212,255.00, which Plaintiff alleges constitutes the "usual, customary, and reasonable charges" for its services. (*Id.*). Plaintiff asserts that as a result of rendering services to K.S., Defendants were jointly obligated to cover or insure the services. (*Id.* at ¶ 4). Plaintiff submitted a claim for reimbursement, which was allegedly denied. (*Id.* at ¶ 5).

As a result of this alleged underpayment, Plaintiff asserts causes of action for theft of services pursuant to Florida Statutes § 772.11 (Count I) and for quantum meruit (Count II).

# LEGAL STANDARD

## I.     Fed. R. Civ. P. 12(b)(2)

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *see Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986). Where a defendant challenges jurisdiction under Rule 12(b)(2) by submitting affidavit evidence, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *see Polskie Linie Oceaniczne*, 795 F.2d at 972 (explaining that once the burden has shifted back to the plaintiff, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint").

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute, and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Tec's. Corp. v. Mazer*, 556 F.3d at 1274; *see Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005).

Accordingly, the U.S. District Courts of Florida first look to the Florida "Long-Arm" Statute, § 48.193, Fla. Stat., and then to the minimum due process standards set forth in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny. *Cronin v. Washington Nat'l Ins. Co.*, 980 F.2d 663, 670 (11th Cir. 1993). "The reach of the [Florida Long-Arm] statute is a question of Florida law. [F]ederal courts are required to construe [such law] as would the Florida Supreme Court. Absent some indication that the Florida Supreme Court would hold otherwise, [federal courts] are bound to adhere to decisions of [Florida's] intermediate courts." *Meier*, 288 F.3d at 1271.

## II.  <u>Fed. R. Civ. P. 12(b)(6)</u>

A Rule 12(b)(6) motion to dismiss must be granted where, assuming that all the well-pleaded allegations are true, the complaint fails as a matter of law. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). The United States Supreme Court jettisoned the old "rule" that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," noting that this phrase had been repeatedly questioned and criticized, and "had earned its retirement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (disapproving language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). No longer will a claim survive a motion to dismiss merely because the pleadings leave open "the possibility

that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 561 (alteration in the original). Under the newly articulated standard, "[f]actual allegations must be enough to raise the right to relief above the speculative level." *Id*. at 555.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), the Court refined and amplified the standard articulated in Twombly as a "plausibility standard": "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully," and it is insufficient for a complaint to plead "facts that are 'merely consistent with' a defendant's liability." *Id.*

The Court articulated two principles that district courts should apply. First, legal conclusions should not be accepted as true. A district court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, with respect to the complaint's "well-pleaded factual allegations," the district court should "determine whether they plausibly give rise to an entitlement

to relief." *Id.* at 1950.

## ARGUMENT

### I. Plaintiff's Complaint Should Be Dismissed as to Independence for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2).

Plaintiff bears the ultimate burden to establish with sufficient evidence a *prima facie* case of personal jurisdiction over Independence. *See Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th 2006). The evidence presented must be similar to that which is needed to overcome a motion for directed verdict. *Id.* In evaluating alleged personal jurisdiction, the Court must accept Plaintiff's factual allegations as contained in the Complaint as true, as long as they are not contradicted by Independence's affidavit. *Id.*

A two-part analysis must be performed to determine if the court has personal jurisdiction over each defendant. *Smith v. Trans-Siberian Orchestra*, 389 F. Supp.2d 1310, 1312 (M.D. Fla. 2010). First, the court must determine if the state's long-arm statute subjects the defendant to the exercise of personal jurisdiction; and if it does, the court must confirm that the exercise of personal jurisdiction will not offend the due process requirements of the Fourteenth Amendment of the Constitution. *Id.* Florida's long-arm statute provides for both general and specific personal jurisdiction. Fla. Stat. § 48.193. As it relates to Independence, Florida's long-arm statute does not confer either general or specific jurisdiction in this case.

However, even if personal jurisdiction is found, the exercise of personal jurisdiction over Defendant in this matter must still comport with the requirements of due process under the United States Constitution. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1221 (11th Cir. 1999). In considering due process, the Eleventh Circuit utilizes a three-part test for evaluating the sufficiency of a defendant's minimum contacts with the forum state. "First, the contacts must be related to the plaintiff's cause of action...Second, the contacts must involve some act by which defendant purposefully avails itself of the privilege of conducting activities within the forum. Third, the defendant's contacts with the forum must be such that defendant should reasonably anticipate being haled into court there." *Id.* (quoting *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993).

A. **This Court Does Not Have General Jurisdiction Over Independence.**

Florida Statute § 48.193(2) provides for general jurisdiction, or jurisdiction over suits whether or not the claims involve defendant's activities in Florida, so long as the defendant engages in "substantial and not isolated activity in Florida." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203-04 (11th Cir. 2015). The threshold for this type of activity is when a defendant's "affiliations are so 'continuous and systematic' so as to render them essentially at home in the forum State." *Id.* at 1204 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For general personal jurisdiction to be found outside of a

company's state of formation or principal place of business, the company's operations within the forum in question must be "so substantial and of such a nature as to render the [company] at home in that State." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).

Further, in analyzing whether general jurisdiction lies, the actions of an agent of a company are not automatically attributed to the company itself. *Stubbs*, 447 F.3d at 1362. Instead, an agent's actions can only be attributed to the company in aggregating contacts for general jurisdiction when "the subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction or its separate corporate status is formal only and without any semblance of individual identity..." *Id.* (quoting *Meier*, 288 F.3d at 1272).

Plaintiff correctly asserts in its Complaint that Independence "is a Pennsylvania corporation with its principal place of business in Philadelphia, PA." (Compl., ¶ 4); *see also* Gatto Decl., ¶¶ 3-4. Plaintiff does not even attempt to allege any connection between Independence and Florida. Moreover, even to the extent Plaintiff vaguely alleges that there is come "contractual or legal relationship" between Defendant-GeoBlue and Independence, that vague, admittedly "uninformed" allegation cannot support personal jurisdiction against Independence, where GeoBlue is a Virginia limited liability company with a principal place of business in Pennsylvania. (*See* Notice of Removal, Dkt. No. 1, ¶ 10). *See Daimler*

9

*AG*, 571 U.S. at 138 (holding that even "a substantial, continuous, and systematic course of business" in a state is insufficient to support general jurisdiction). Thus, as a matter of law, this Court cannot exercise general jurisdiction over Independence.

### B. Plaintiff's Allegations Are Insufficient for the Court to Exercise Specific Jurisdiction Over Independence.

Florida Statute § 48.193(1)(a) governs specific jurisdiction and provides a list of the type of activities or contacts engaged in by non-resident defendants that may permit the Court to exercise specific jurisdiction, or jurisdiction over suits that arise of out or relate to defendant's contacts with Florida. *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203-04 (11th Cir. 2015). In tort cases, it is necessary for this contact to be the "but-for" cause of the tort. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F. 3d 1210, 1222 (11th Cir. 2009). However, the nexus between the tortious conduct and the "but-for" contact with the forum must be of the type that will provide the non-resident defendant a "fair warning" that such contact will subject it to jurisdiction in the forum. *Id.*

Under Florida Statute § 48.193(1)(a), specific jurisdiction can be asserted for any cause of action related to nine different enumerated acts, including conducting business, committing a tortious act, or entering into a contract in the forum state. Plaintiff makes no allegation that any action took place in the state of Florida. In fact, the crux of Plaintiff's action revolves entirely around an alleged emergency that occurred in Bermuda, after which K.S. was transported directly from Bermuda to

Philadelphia, Pennsylvania. (Compl., ¶ 8). Plaintiff's Complaint alleges that Defendants failed to pay for the value of Plaintiff's services in providing air ambulance transport services to the Patient from Bermuda to Pennsylvania. The only conceivable connection to Florida is that Plaintiff is a Florida corporation, a fact about which Plaintiff does not even allege Independence was aware, much less one that could be sufficient to establish personal jurisdiction. (Compl., ¶ 1). *See Charlie Fowler Evangelistic Assoc., Inc. v. Cessna Aircraft Co.*, 911 F.2d 1564, 1566 (11th Cir. 1990) ("Unilateral acts by the plaintiff cannot supply the necessary minimum contacts, or show that a defendant has purposefully availed itself of the benefits and protections of the forum state's law.").

Plaintiff has not proffered a single allegation sufficient to establish specific jurisdiction over Independence in the state of Florida, and thus its Complaint should be dismissed in its entirety, and with prejudice, as to Independence.

II. **Count I of Plaintiff's Complaint Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6) As Plaintiff Fails to State a Claim Under Florida Statutes § 772.11**

Count I fails as a matter of law because Plaintiff has not alleged (and cannot allege) the necessary criminal intent. To state a claim under Florida Statutes § 772.11, Plaintiff must establish that Independence had "felonious intent" to appropriate Plaintiff's property for its own use or the use of any person not entitled to the use of the property. *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1327 (11th

Cir. 2006). Felonious intent is the intent to deprive another of its property. *Wachovia Bank Nat'l Ass'n v. Tien*, 658 F. App'x 471, 475 (11th Cir. 2016).

Plaintiff's sole allegation regarding Independence's intent is merely that Independence (in connection with Geo-Blue) "acted with the intent, or in reckless disregard, to convert and obtain [Plaintiff]'s services without paying for them." (Compl., ¶ 7). This bare-bones allegation falls woefully short of establishing the intent required to assert a cause of action. *See Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' for 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Zarrella v. Pac. Life Ins. Co*., 755 F. Supp.2d 1231, 1241 (S.D. Fla. 2011) (dismissing claim when plaintiff only pled the elements of the cause of action because a "formulaic recitation of the elements of a cause of action will not do").

Plaintiff only alleges that Independence "inten[ded] to steal the value of Plaintiff's air ambulance services," which it contends was demonstrated by the reimbursement of all ground ambulance transport services and not air ambulance transport. This vague and conclusory allegation is insufficiently pled. Accordingly, Count I should be dismissed with prejudice. *See Viquez v. JP Morgan Chase & Co*., No. 22-cv-62247 (RAR), (S.D. Fla. Feb. 15, 2023) (dismissing complaint that lacked any allegation of felonious intent or facts to support an allegation of felonious

intent); *PBR Sales, LLC v. Pezco Int'l, LLC*, No. 21-cv-22909 (CMM), 2022 WL 956718 (S.D. Fla. Mar. 1, 2022) (dismissing civil theft claim for failure to allege the facts establishing the elements of the claim); *Est. 8, LLC v. Carrington Mortg. Servs. LLC*, No. 20-cv-62111 (RS), 2021 WL 3934171 (S.D. Fla. Apr. 15, 2021) ("The Complaint simply lacks any allegations to the effect that Carrington harbored any evil intent and, therefore, fails to support a claim for civil theft.").

## III. Count II of Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's quantum meruit claim should be dismissed for failure to state a claim as Plaintiff's claim is time-barred by the relevant statute of limitations and Plaintiff fails to allege that any actual benefit was conferred on Independence.

Although as a general rule a statute of limitations bar is an affirmative defense, "[a] party may raise an affirmative defense ... in a Rule 12(b)(6) motion, where the existence of the defense can be judged on the face of the complaint." *Nicolette v. Blue Cross Blue Shield of N.C., Inc*., Case No. 20-cv-1411 (WWB)(GJK), 2021 WL 2689387, at *1 n.1 (M.D. Fla. May 28, 2021) (quoting *Haddad v. Dudek*, 784 F. Supp.2d 1308, 1324 (M.D. Fla. 2011)); *accord La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (stating statute of limitations can be considered on motion to dismiss if a Rule 12(b)(6) dismissal on statute of limitations grounds is nevertheless appropriate if it is "apparent from the face of the complaint' that the claim is time-barred.").

Count II of Plaintiff's Complaint for quantum meruit is asserted under Florida law. The applicable statute of limitations imposed by Florida law for quantum meruit is *four years*. *See* § 95.11(3)(k), Fla. Stat.; *Beltran v. Vincent P. Miraglia, M.D., P.A.,* 125 So. 3d 855, 859 (Fla. 4th DCA 2013). "Statutes of limitations on unjust enrichment or quantum meruit claims generally begin to run upon the occurrence of the event that created the uncompensated benefit in the defendant." *Beltran*, 125 So. 3d at 859. Plaintiff alleges that on May 23, 2019, Plaintiff conferred "significant economic benefit" upon Independence when it provided emergency air ambulance transport services to the Patient. (Compl., ¶ 17). The Complaint allegations and attachments thereto establish that the services rendered were performed May 23, 2019. Plaintiff does not, and cannot, allege that any additional actions have been taken since May 23, 2019 that would permit the statute of limitations to be tolled. Thus, the Complaint and the exhibit thereto show on their face that the claims associated with Count II arose more than four years prior (exactly four years and eleven months) to the filing of the suit, and are therefore, time-barred by the applicable statute of limitations.

Even if Plaintiff was not time-barred from bringing this action, its claim would still fail as no benefit was conferred on Independence as a matter of law. To state an actionable claim for quantum meruit, a plaintiff must allege: (1) a benefit bestowed upon a defendant by the plaintiff; (2) the defendant's appreciation of the benefit; (3)

the defendant's acceptance and retention of the benefit; and (4) circumstances that make it inequitable for the defendant to retain the benefit without compensating the plaintiff for its value. *See Alvarez v. Royal Caribbean Cruises, Ltd.,* 905 F.Supp.2d 1334, 1341 (S.D.Fla.2012). A cause of action for quantum meruit requires the benefit allegedly conferred by the plaintiff to pass directly to the defendant. *Wiand v. Waxenberg*, 611 F.Supp.2d 1299, 1319 (M.D. Fla. 2009); *Huntsman Packaging Corp. v. Kerry Packaging Corp*., 992 F. Supp. 1439, 1446 (M.D. Fla. 1998) (citing *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., N.A*., 667 So. 2d 876, 879 (Fla. 3d DCA 1996)). Moreover, "Courts have repeatedly held that providers cannot bring unjust enrichment claims against insurance companies based on the services rendered to the insureds." *Aventus Health, LLC, v. UnitedHealthcare, Inc.,* No. 22-cv-2408 (PGB)(EJK), 2023 WL 11724679, at *7 (M.D. Fla. Sept. 8, 2023) (quoting *Murphy Med. Assocs., LLC v. 1199SEIU Nat'l Benefit Fund*, No. 22-cv-00064 (KAD), 2023 WL 2631811, at *6 (D. Conn. Mar. 24, 2023) (citations omitted).

While courts in this Circuit have previously recognized "a split of authority in evaluating the benefit that flows from a healthcare provider to an insured's insurer," courts have recently recognized the "weight of authority favors the conclusion that any benefit conferred upon [the insurer] was indirect at best." *Vanguard Plastic Surgery, PLLC v. UnitedHeatlhcare Ins. Co.*, No. 21-cv-62403 (WPD), 2022 WL

19037216, at *4 (S.D. Fla. Feb. 9, 2022) (citing *Fla. Emergency Physicians Kang and Assocs., M.D., Inc. v. United Healthcare of Florida*, *Inc*., 526 F. Supp.3d 1282, 1303 (S.D. Fla. 2021)); *see also Vanguard Plastic Surgery, PLLC v. UnitedHealthcare Ins. Co*., 658 F. Supp.3d 1250 (S.D. Fla. 2023) (holding the same).

Plaintiff cannot satisfy the first element required to plead an actionable claim for quantum meruit, as it does not and cannot allege that a benefit was conferred directly upon Independence. Instead, the Complaint merely alleges that Independence "received a significant economic benefit from Jet ICU's rendition of services to Patient." (Compl., ¶ 17). The alleged benefit it conferred here was through a third party, the Patient, and not directly upon Independence. Thus, Plaintiff's quantum meruit claim should be dismissed.

## CONCLUSION

For the foregoing reasons, this case must be dismissed for lack of personal jurisdiction over Independence. Even if there were personal jurisdiction (which there is not), the Complaint must be dismissed in its entirety as to Independence because Plaintiff fails to state any plausible claim upon which relief can be granted.

Dated: May 28, 2024

**ROBINSON & COLE LLP**

By:     /s/ *Matthew P. Mazzola*
        Matthew P. Mazzola (FL Bar ID No.: 1032017)
        666 Third Avenue, 20th Floor
        New York, New York 10017
        Telephone: (212) 451-2900
        Facsimile: (212) 451-2999
        *Attorneys for Defendant*
        *Independence Health Group, Inc.*

## RULE 3.01(G) CERTIFICATE OF PRE-FILING CONFERENCE

My colleague, Katherine M. Katchen, who will be filing a motion for admission *pro hac vice* in this matter in the coming days, communicated with Plaintiff's counsel, Michael Brannigan, on May 24, 2024, and May 28, 2024, regarding this Motion and potential resolution of the case. The parties did not reach agreement on the resolution of this Motion.

/s/ *Matthew P. Mazzola*
Matthew P. Mazzola (FL Bar ID No.: 1032017)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of March 2024, the foregoing document was filed with the Court's CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Matthew P. Mazzola*
Matthew P. Mazzola (FL Bar ID No.: 1032017)